IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**VALERIE PAYTON MONTGOMERY,** *ET AL.*                    **PLAINTIFFS**

**VS.**                                                                                              **CIVIL ACTION NO. 3:03CV539WN**

**WAL-MART STORES, INC.,** *ET AL.*                           **DEFENDANTS**

## ORDER

This matter came before the court on the Plaintiffs' Motion to Compel Discovery Pursuant to Fed. R. Civ. P. 37. The Plaintiffs seek the production of documents that have been converted by the Defendants into electronic form. The Defendants object to that production, on grounds that the conversion was done only on certain documents that were selected by counsel for inclusion into a litigation support database. Thus, the Defendants argue, production of these selected documents would have the effect of revealing their attorneys' mental impressions and litigation strategy, which are protected as work product. The Defendants further pointed out that all of the responsive documents had been made available, in paper form, to the Plaintiffs. In rebuttal, the Plaintiffs argued that the paper documents were stored in a "flea and urine infested storeroom."

The court is of the opinion that the Defendants should not be compelled to produce the selected documents that have been electronically stored, as doing so would compromise their attorneys' work product. However, in reviewing the letters attached to the Plaintiffs' Motion, the court notes that the Defendants have admitted that the storeroom is infested with fleas. The Defendants cannot be heard to argue that their documents are "otherwise available" if they are stored in conditions that the average person would find intolerable. The Defendants had, in one letter, stated that the warehouse would be fumigated. That should be done immediately. In addition, the

Defendants should take the necessary steps to remove any odor of urine from the premises. Upon request of the Plaintiffs, the court will order that a representative of the Defendants or their counsel be present during the Plaintiffs' inspection of these documents, so as to share in the existing conditions of the storeroom.

IT IS, THEREFORE, ORDERED that the Plaintiffs' Motion to Compel Discovery Pursuant to Fed. R. Civ. P. 37 is hereby **denied**.

IT IS SO ORDERED, this the 13th day of January, 2006.

S/Alfred G. Nicols, Jr.
UNITED STATES MAGISTRATE JUDGE