**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

VALERIE PAYTON MONTGOMERY, ET AL.                                        PLAINTIFFS

V.                                                            CIVIL ACTION NO. 3:03-CV-539WN

WAL-MART STORES, INC., et al.,                                           DEFENDANTS

**ORDER**

Before the court is a motion of the defendants to strike the affidavit of Martin M. Shapiro. Plaintiff opposes the motion.

The lawsuit *sub judice*, a purported collective action, challenges the defendant Wal-Mart's alleged wage and hour practices within the State of Mississippi during a specific time period. The complaint names many store managers within the State of Mississippi and charges that these individuals required associates of Wal-Mart to work "off-the clock" hours in addition to their regular hours in an attempt to reduce payment for over-time. Plaintiffs seek to certify a class comprised of associates who were employed by Wal-Mart under the supervision of the named individual defendants in the State of Mississippi from December 21, 2001, to the present.

Plaintiffs bring their claims pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), Title 29 U.S.C. § 201 et seq.[1]  Accordingly, this court has jurisdiction here under Title 28 U.S.C. § 1331,[2] federal question jurisdiction.

The plaintiffs have filed a motion to facilitate pursuant to Title 29 U.S.C. § 216(b) which permits an employee to bring an action against his employer "[on] behalf of himself ⋯ and other employees similarly situated."  The statute further provides, "[n]o employee shall be a party plaintiff to such an action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought."[3]  In support of this motion to facilitate, the plaintiffs submit several affidavits, including the affidavit of Martin M. Shapiro ("Shapiro Affidavit").

According to the defendants, the Shapiro Affidavit contains no analyses or averments relating to the Wal-Mart stores in Mississippi, and instead focuses exclusively upon data from 17 Wal-Mart stores located in Texas.  Therefore, say

---

[1]Title 29 U.S.C. § 207 provides that, "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

[2]Title 28 U.S.C. § 1331 provides:

The district courts shall have original jurisdiction of all civil cases arising under the Constitution, laws, or treaties of the United States.

[3]Unlike a class action sought pursuant to Rule 23 of the Federal Rules of Civil Procedure which allows plaintiffs to "opt out" of the class, a § 216(b) plaintiff must first "opt in" to the class proposed for the collective action.  A representative plaintiff cannot automatically join similarly situated persons under § 216(b).

defendants, inasmuch as the Shapiro Affidavit does not address Mississippi Wal-Mart statistics, this affidavit should be stricken.

The plaintiffs disagree.  The plaintiffs say that the Shapiro Affidavit was offered not for the purpose of proving the information it contains, but to demonstrate that, upon receipt of the requested discovery, off-clock hours calculations can be made by a competent expert.

The information contained in the Shapiro Affidavit pertains primarily to the methodology Shapiro would employ and to the efficacy of the defendants' objections to discovery relating to conducting a collective action with regard to the plaintiffs' claims.  This court has read the affidavit and gathers from its averments that Shapiro is actually an expert upon whom the plaintiffs intend to rely at some time in the future, and that the Texas data is not to be offered as proof of anything in this case.  So long as this is so, this court finds no basis for striking the affidavit at this time.  Therefore, the motion to strike the Shapiro Affidavit (**Docket No. 101-1**) is denied.

**SO ORDERED** this the 24th day of March, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE

CIVIL ACTION NO. 3:03-CV-539WN
Order