IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

VALERIE PAYTON MONTGOMERY,                                   PLAINTIFFS,
et al.,

VS.                                                          CIVIL ACTION NO. 03-CV-539WN

WAL-MART STORES, INC., et al.,                               DEFENDANTS.

---

## NOTICE OF PROPOSED SETTLEMENT AND OF RIGHT TO OPT IN

To:   All current and former Wal-Mart Store and Sam's Club Hourly Associates who worked during the period September 24, 2004 and July 1, 2009 (the "Settlement Class Period"), at any one of the following Wal-Mart Stores or Sam's Club located in the State of Mississippi:

| | | |
|---|---|---|
| Batesville - #14568 | Greenville - #182 | Magee - # 1192 |
| Carthage - #305 | Greenwood - #716 | Meridian - # 981 |
| Clarksdale - #707 | Grenada - #1074 | Oxford - #699 |
| Clinton - #1710 | Hattiesburg - # 2717 | Starkville - #112 |
| Columbus - #495 | Jackson - #903 | Tupelo (Sam's Club) - #6329 |

("Settlement Class").

1. **PURPOSE OF NOTICE**

    This Notice is given pursuant to the Fair Labor Standards Act ("FLSA") to inform you of a proposed settlement of the above-referenced collective action suit (the "Action"), your eligibility to participate in the settlement, and what steps you may take in regard to participating in the proposed settlement. The settlement is subject to final approval by the Court. The Court has not expressed any opinion as to the adequacy of either the settlement nor the merits of any of the claims or defenses asserted by either side in this action. This is your decision, and you have no obligation to participate in the settlement of this Action or to respond to this Notice.

    There is now pending in this Court a collective action alleging violations of the FLSA. If you are a member of the Settlement Class as defined above (the "Settlement Class Members"), you have the right to participate in this settlement without filing a separate lawsuit. Also participating in the settlement of this Action are 167 named Plaintiffs (the "Named Plaintiffs"), 93 individuals who already have opted into this Action (the "Opt-In Plaintiffs") and 239 who have submitted opt-in applications to counsel for the Plaintiffs ("Unfiled Opt-Ins").

    Persons to whom this notice is addressed have been identified as Settlement Class Members. If you separately settled with Wal-Mart or Sam's Club or otherwise do not fit within

{S167857;}1

B WCR 863898 v1
2781562-000001 10/20/2009

the Settlement Class definition, you are not entitled to participate in the settlement merely because you received this Notice.

## 2. DESCRIPTION OF THE LAWSUIT

This lawsuit was originally brought in Holmes County, Mississippi Circuit Court by former and current Associates of Wal-Mart Stores, Inc. and of Sam's East, Inc. (collectively "Wal-Mart") and was later removed to the United States District Court for the Southern District of Mississippi, where the case is now pending. United States District Judge Henry T. Wingate has certified this lawsuit as a collective action, that is, an action that all eligible current and former Associates from the 15 Wal-Mart Stores and Sam's Club listed above may join.

### A. Plaintiffs' Claims:

The Plaintiffs' Second Amended Complaint (the "Complaint") alleges, among other things, that Wal-Mart Associates in the State of Mississippi were required, encouraged, or willfully permitted to work off-the-clock without compensation on many occasions, did not provide the Settlement Class Members with full, uninterrupted rest breaks and meal periods and did not pay Settlement Class Members for all the time they worked. Plaintiffs' have alleged violations of both the FLSA and various state common law theories.

### B. Defendants' Answer:

Wal-Mart and the Named Individuals Defendants vigorously deny Plaintiffs' allegations that they engaged in these practices or violated the FLSA or any state law. Wal-Mart and the Named Individual Defendants also maintain that any failure to compensate Associates properly was without the knowledge and contrary to the instructions of appropriate management officials. Wal-Mart and the Named Defendants state that they have exercised good faith in the application of the FLSA to their Associates.

In the event that this settlement fails, Wal-Mart and the Named Individual Defendants have reserved the right to challenge *de novo* the certification of this action as a collective action.

## 3. THE TERMS OF THE PROPOSED SETTLEMENT

The principal terms of the proposed settlement are embodied in a Settlement Agreement as follows:

(a) Wal-Mart has created a Settlement Fund of $1,851,250 to settle the claims in this Action. The Settlement Fund is the maximum amount that Wal-Mart will pay under the Settlement Agreement to the Named Plaintiffs, the Opt-In Plaintiffs, Unfiled Opt-Ins and the Settlement Class Members, for attorneys' fees for Class Counsel, and for the costs of notice and administration.

(b) The Named Plaintiffs, Opt-In Plaintiffs and Unfiled Opt-Ins could receive a total of $408,750 from the Settlement Fund as an incentive award for their time, effort, and

{S167857;}2

indirect expenses in acting for the Settlement Class and bringing these issues to the attention of Wal-Mart. The amounts paid to the Named Plaintiffs, Opt-In Plaintiffs and Unfiled Opt-Ins will vary based upon their participation in the Action. A Named Plaintiff, Opt-In or Unfiled Opt-In Plaintiff is only eligible for a specific award to be granted by the Court.

(c) In order to recover any amount under the settlement, each Settlement Class Member must submit an **Opt-In, Claim and Release – Form A ("Short Form")** or **Opt-In, Claim and Release – Form B ("Long Form")**. The Long Form ("Exhibit B"), provides for a payment amount up to a maximum amount, and a Short Form ("Exhibit A"), provides for an automatic, fixed payment based on length of employment at one or more of the Wal-Mart Stores or Sam's Club designated above. Payment to eligible Settlement Class Members will be determined based on length of employment at a Wal-Mart Store or Sam's designated above and the injury claimed by the Settlement Class Member.

(d) Settlement Class Members who submit the Short Form shall be eligible to recover the following amounts (subject to applicable taxes or withholding): $50 for a Class Member who worked at designated Wal-Mart Store or Sam's Club during the Settlement Class Period for six months or less; $75 for a Class Member who worked at a designated Wal-Mart Store or Sam's Club during the Settlement Class Period between six months and one year; and $100 for a Class Member who worked at a Wal-Mart Store or Sam's Club designated above during the Settlement Class Period for one year or longer.

(e) Settlement Class Members who worked at a Wal-Mart Store or Sam's Club designated above for three months or less during the Settlement Class Period can only submit a Short Form. Settlement Class Members who worked more than three months during the Settlement Class Period have the option of submitting a Long Form, rather than the Short Form. If you elect to submit a Long Form, the amount you are eligible to recover under the Settlement Agreement will be determined based on the amount of months you worked at a Wal-Mart Store or Sam's Club designated above and by your answers to the questions on the Long Form concerning your individual work experience during the time you worked.

(f) The Long Form payment amount is determined by the injury claimed by the Settlement Class Member. In order to receive payment under the Long Form, the Class Member will need to verify that he or she worked off-the-clock at a Wal-Mart Store or Sam's Club designated above or missed meal or rest breaks. Under the Long Form, the maximum payments shall be as follows: $0.00 for a Settlement Class Member who worked less than three months at a Wal-Mart Store or Sam's Club designated above during the Settlement Class Period; $100 for a Settlement Class Member who worked at a Wal-Mart Store or Sam's Club designated above during the Settlement Class Period between three months and one year; $300 for a Settlement Class Member who worked at a Wal-Mart Store or Sam's Club designated above during the Settlement Class Period for one year to three years; and

$500 for a Settlement Class Member who worked at a Wal-Mart Store or Sam's Club designated above during the Settlement Class Period for three years to five years.

(g) In the event the Attorney Fees, Incentive Fees, cost of administration and the claims of the Settlement Class Members exceed $ $1,851,250, the amounts paid to each Settlement Class Member who submits an Opt-in and Claim Form will be reduced pro-rata.

(h) A Short Form or a Long Form must be executed under oath, but not notarized. Either form must also be accompanied by a W-4 or other analogous state or federal tax declaration, filled out by each Settlement Class Member, or indicate on the form that he or she is willing to be taxed as a single person with no withholding exemptions. Each Settlement Class Member will need to provide the last four digits if his or her social security number for identification purposes.

(i) Settlement Class Members will only be allowed to submit one form, and in the event any Settlement Class Member is entitled to receive a payment from the Settlement Fund under paragraph (b), he or she will not be entitled to submit either a Short Form or Long Form.

(j) To participate in the Settlement, each Settlement Class Member must consent to opt into this Action and be bound by the decisions made by the Court in this Action. Each Settlement Class Member must also execute a release that will release Wal-Mart and each of their current and former subsidiaries, affiliates, predecessors, insurers, agents, employees, successors, assigns, officers, officials, directors, and shareholders, and their respective pension, profit sharing, savings, health, and other employee benefit plans and The Named Individual Defendants from any claims and causes of action under state or federal law that have been asserted in this Action or that were or could have been asserted in this Action upon opting into this Action.

(k) Under the Settlement Agreement, Wal-Mart has agreed to the following programmatic relief: (i) continue to use electronic enhancements that prevent Associates who are not logged into the Wal-Mart Time and Attendance System from operating certain in-store electronic devices; (ii) continue to use reasonably feasible technology to provide Associates a meal period if one is earned under state law, to prevent insertion of one-minute shifts, and to treat break time as hours worked; (iii) continue to make reasonable efforts to verify that Store Associates are provided rest and meal periods and not allowed to work off-the-clock, including providing Associates surveys that ask about their experience with rest and meal breaks and off-the-clock work; (iv) continue to make its Ethics (or similar) Hotline available to Associates who report missed rest and meal breaks and off-the-clock work and to post a notice of the availability of the Ethics (or similar) Hotline; and (v) continue to take appropriate action in response to reports to the Ethics Hotline.

(l) Any Short Form or Long Form submitted will be subject to audit and objection by Wal-Mart or a third party of their choice.

(m) The Settlement Fund and other relief will be distributed approximately 90 days after the date for filing the Short or Long Forms, provided that Final Approval has occurred by such date (with all rights of appeal having expired), or as soon thereafter as practical.

(n) "Final Approval" of this Agreement shall occur when (i) final judgment is entered after any hearing as ordered by the Court approving the Settlement Agreement as fair and reasonable and dismissing Plaintiffs' FLSA claims with prejudice, including any opt ins after receipt of this Notice and (ii) the judgment approving the Settlement has become final by the expiration of the appeal period without an appeal having been taken, or, if any appeals have been taken, by an order affirming the judgment becoming final with all appeals being dismissed or otherwise terminated. The Effective Date of the Settlement shall be the date of Final Approval.

(o) If you do not consent to opt into this action, you will not be allowed to participate in the Class Settlement Fund.

(p) Any interest earned on the Settlement Fund prior to Final Approval will accrue for the benefit of Wal-Mart. Any checks not cashed within 90 days of issuance and not replaced and any checks not deliverable after two (2) attempts shall be returned to Wal-Mart.

(q) Class Counsel intends to request that the Court approve payment by Wal-Mart and Sam's of attorneys' fees of thirty-three percent (33%) of the total Class Settlement Fund or $617,083, and Wal-Mart has agreed not to oppose this request. The attorneys' fees and the amounts under paragraph (b) above will be paid within ten (10) days after Final Approval occurs. As set forth above, these amounts shall be taken from the Cash Settlement Fund.

(r) If the total of the attorneys' fees and expenses, the costs of notice and administration, the payments to the Named Plaintiffs, Opt-in Plaintiffs, Unfiled Opt-ins, and the Approved Claims of the Settlement Class Members is less than $1,851,250, those funds will be retained by Wal-Mart.

19. **REASONS FOR THE SETTLEMENT**

20. The Named Plaintiffs, through their attorneys, have conducted an extensive investigation and analysis of the facts and law relating to this Action, including an analysis of the maximum potential damages to the Settlement Class Members. Class Counsel also has been involved in other similar actions against Wal-Mart throughout the United States.

21. The Named Plaintiffs, though their attorneys, are satisfied that the terms and conditions of the settlement are fair and reasonable and adequate after taking into account the risks inherent in litigation and the likelihood that this litigation, if not settled now, will be protracted and expensive, and the proof of liability under the FLSA and common law on the part of Wal-Mart and the Named Individual Defendants or damages to any or all Settlement Class Members will be difficult.

22. Wal-Mart and the Named Individual Defendants deny any and all liability to the Settlement Class Members. While denying any and all liability, Wal-Mart and the Named Individual Defendants nevertheless recognize that, should the Action proceed through trial and appeal, substantial and burdensome expense would be incurred.

23. **YOUR RIGHTS AS A CLASS MEMBER**

(a) If you were employed as an hourly Associate at one of the 15 Wal-Mart Stores or Sam's Club listed above anytime during the period September 24, 2004, and July 1, 2009, you are eligible to participate in the Settlement of this Action.

(b) To opt in and participate in the Settlement Fund, you must file either a Short Form or a Long Form with the Claims Administrator. **IF YOU WANT TO PARTICIPATE, YOU MUST SEND IN either a Short Form or a Long Form. (See Section 10 of this Notice).**

(c) It is entirely your own decision whether or not to join this suit. You are not required to file a Short Form or Long Form or to take any action.

24. **TIME LIMIT FOR FILING OPT-IN AND CLAIM FORM**

To be valid, your Opt-In and Claim Form must be filed with the Claims Administrator no later than March 1, 2010.

25. **EFFECT OF JOINING THIS SUIT**

If you choose to join in this Action, you will be bound by the Settlement Agreement once Final Approval is reached.

If no Final Approval is obtained, the Settlement Agreement is null and void, and you may be required to respond to written discovery and to give testimony in a deposition and at trial.

{S167857;}6

By joining this Action, you also designate the Named Plaintiffs as your agents to make decisions on your behalf concerning the settlement of this litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the Named Plaintiffs will be binding on you if you join this lawsuit.

### 26. LEGAL EFFECT IN NOT JOINING THIS SUIT

If you choose not to join this Action, you will not be affected by any final judgment or settlement rendered in this Action, whether favorable or unfavorable to the Named Plaintiffs or the Settlement Class. You will not be entitled to share any amounts recovered by the Settlement Class Members, nor will you be barred by any unfavorable ruling. You will be free to file your own lawsuit, subject to any defenses that might be asserted.

You could obtain any damages or other relief only if you initiate timely independent legal proceedings as prescribed by the FLSA.

### 27. YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this suit, it is entirely your decision whether you prefer to be represented by the present counsel representing the Named Plaintiffs, or by an attorney of your own choosing, or by yourself. Plaintiffs' counsel in this case are:

> Delano Funches, Esquire
> Funches and Associates
> 1617 Robinson Street
> Jackson, MS 39209
> (601) 969-7400
>
> Chokwe Lumumba, Esquire
> Lumumba Freelon and Associates
> P.O. Box 31762
> Jackson, Mississippi 39286
> (601) 353-4455

If you wish them to represent you, you should fill out, sign, and mail either the Short Form or Long Form by March 1, 2010, to the Claims Administrator at: Rust Consulting, Inc., 625 Marguette Avenue, Suite 880, Minneapolis, Minnesota 55402.

If you wish to participate in this Action and participate in the Class Settlement Fund but do not wish to be represented by counsel listed above, you must enter an appearance through legal counsel of your choice and at your own expense. Such an appearance must be filed with the Court contemporaneous with or before filing your Short of Long Form. Wal-Mart and the Named Individual Defendants have not agreed to be and will not be liable for any attorneys' fees and costs resulting from an appearance by counsel other than Class Counsel.

28.   10.   **FILING A OPT-IN, CLAIM AND RELEASE FORM**

Attached to this notice are a Short Form and a Long Form, either of which must be used if you wish to join in this Action. One, but not both, of these forms must be filled out, signed and mailed for filing to the Claims Administrator at: Rust Consulting, Inc., 625 Marguette Avenue, Suite 880, Minneapolis, Minnesota 55402. An envelope is enclosed with this Notice.

Unless either a Short Form or a Long Form is filed on or before March 1, 2010, you will not be allowed to join in this Action and participate in the Settlement Fund.

29.   11.   **PROTECTION AGAINST RETALIATION**

**THE FAIR LABOR STANDARDS ACT PROHIBITS ANYONE FROM RETALIATING OR DISCRIMINATING AGAINST YOU IF YOU CHOOSE TO TAKE PART IN THIS CASE.**

12.   **FURTHER INFORMATION**

This Notice is not all-inclusive. The reference to the pleadings in the collective action is only a summary. For complete details of this collective action, including the claims and defenses that have been asserted by the parties, you may desire to review the Court files in the collective action. These pleadings and other papers filed in the collective action are public records, available for inspection in the offices of the Clerk, United States Courthouse, 245 East Capitol Street, Suite 316, Jackson, MS 39201 during regular business hours.

30.   13.   **HEARING ON THE PROPOSED SETTLEMENT AND APPLICATINON FOR CLASS COUNSEL'S ATTORNEYS' FEES AND COSTS AND MAKING OBJECTIONS**

31.   The Court will hold a hearing at the United States courthouse in Jackson, Mississippi, on January 15, 2010 at 9:00 a. m. to determine whether the proposed Settlement should be finally approved, and whether the Named Plaintiffs' claims, the Opt-In Plaintiffs' Claims, the Unfiled Opt-Ins and the claims of the Settlement Class Members should be dismissed. This date or time may be changed by Court Order without further notice. If the Settlement Agreement is approved, the Court will also consider Class Counsel's application for an award of attorneys' fees and reimbursement of costs and expenses.

If you approve of the proposed Settlement, you need not appear at the hearing. Any member of the Settlement Class may appear at the hearing and show cause, if any, why the settlement should not be approved as fair, reasonable, and adequate, why a final order should not be entered dismissing the Defendants, with prejudice, and to present any opposition to Class Counsel's application for attorneys' fees, costs, and expenses.

If you wish to appear and object, you must file no later than December 29, 2009, written notice of your intention to appear, stating all grounds for the objection or other statement of position, together with all supporting paper and briefs, with the Clerk of the United States

District Court for the Southern District of Mississippi, 245 East Capitol Street, Suite 316, Jackson, MS 39201.

You must provide a duplicate set of such papers at the same time to:

>Delano Funches, Esquire
>Funches and Associates
>1617 Robinson Street
>Jackson, MS  39209

>Wesley C. Redmond, Esquire
>Baker Donalson Bearman Caldwell & Berkowitz
>1600 Wachovia Tower
>420 North 20th Street
>Birmingham, Alabama  35203

Objections not filed by the date shown above may not be considered by the Court.

You have the right to retain your own counsel to represent you at the hearing to approve the Settlement Agreement. If you retain separate counsel, you will be responsible for such counsel's fees and expenses out of your own pocket.

All inquiries regarding this Settlement should be addressed to:

>Delano Funches, Esquire
>Funches and Associates
>1617 Robinson Street
>Jackson, MS  39209
>(601) 969-7400

>Chokwe Lumumba, Esquire
>Lumumba Freelon and Associates
>P.O. Box 31762
>Jackson, Mississippi 39286
>(601) 353-4455

{S167857;}9

32.        You should not direct any inquiries to any representative of the Defendants, nor to the Clerk of Court. Do not write or call the Clerk of the Court.

**PLEASE DO NOT CONTACT THE COURT FOR FURTHER INFORMATION AT THIS TIME. INQUIRIES SHOULD BE MADE TO THE CLASS COUNSEL.**

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI. THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF THE DEFENDANTS' DEFENSES. THE FILING OF THE LAWSUIT AND ITS ALLEGATIONS ABOVE DO NOT CONSTITUTE PROOF THAT A VIOLATION HAS OCCURRED.**

Signed this 28th day of October, 2009.

_____
HENRY T. WINGATE
CHIEF UNITED STATE DISTRICT JUDGE