SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 1 5 2010
J. T. NOBLIN, CLERK
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**VALERIE PAYTON MONTGOMERY,** *et al.*,                    **PLAINTIFFS,**

**vs.**                              **CIVIL ACTION NO. 3:03-CV-539-HTW-LRA**

**WAL-MART STORES, INC.,** *et al.*,                    **DEFENDANTS.**

### FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter came before the Court on the Plaintiffs' Motion for Final Approval of Settlement ("Final Approval Motion").  This Court finds as follows:

1.      The Court has received and reviewed the Settlement Agreement entered into between the Plaintiffs, Opt-Ins, Unfiled Opt-Ins and Class Members, on the one hand, and Wal-Mart Stores, Inc., Sam's East, Inc., Sean Copeland, Dexter Long, James Credit, John Hillyard, Robert Hawkins, Taurus Rice, Craig Meint, Bo Kirby, Steve Burks, Earl Alsobrooks, John Whitehead, Martha Calvin, Lori Riley, Bryon Timmons, Taurus Walls, Bo Shell, Jim Legge, Steve Haynes, Airfonzie Petersons, John Anderson, Allen Patterson, Rodney Walker, Adrian cker, Michael Parrott, Steve Bellio, Maureen Worth, Leland Newman, Brad Sullivan, Shaun Copeland, John Antoon, Andy Hardin, Dave Henly, Tracey Dickerson, Sean Stewart, Craig McIntyre, Howard Brandon, Steve Boler, Don Lambert, Unknown Ware, Mark Herring, Tosha Crawfork, Bent Hento, Angie Clark, John Paul McFadden, Terrell Brooks, Boyd Jenkins, Jim Wesson, Andy Lofton, Charles Roe, Bruce Terrance, John Woodall, Kenny Nunnery, David Henley, Charles Turner, Steve Hines, Ken Ross, and Ken Herring (collectively "Wal-Mart"), on the other hand, effective September 1, 2009 (the "Settlement Agreement"), and has considered the terms of the proposed settlement set forth therein (the "Settlement").

2.      All terms contained herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

3.      On September 24, 2007, the Court entered its Order facilitating notice this action as a collective action under 29 U.S.C. § 201, *et seq.*

4.      The Court entered an Amended Class Certification Order on October 15, 2009, which reflects the claims certified for Settlement purposes and the scope of the Settlement Class.

5.      On October 15, 2009, this Court preliminarily approved the Settlement of this action, approving the form and method of notice, and set a date and time for a fairness hearing to consider whether the Settlement should be finally approved by the Court pursuant to 29 U.S.C. § 216(b) as fair, adequate, and reasonable (the "Preliminary Approval Order").

6.      The Preliminary Approval Order further directed that all members of the Settlement Class be given notice of the Settlement and of the date for the final fairness hearing.

7.      The Court has received declarations of the Court Appointed Claims Administrator attesting to the mailing and publication of the Notice in substantial accordance with the Preliminary Approval Order.

8.      No timely filed objections to the Settlement have been filed.

Having conducted a final fairness hearing on January 15, 2010 (the "Fairness Hearing"), and having considered the arguments presented, all papers filed and all proceedings had therein,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      The Court has jurisdiction over the subject matter of this action, all Plaintiffs, Opt-Ins and Unfiled Opt-Ins, Settlement Class Members who have opted into this action and all Defendants.

2.      In accordance with 29 U.S.C. § 216(b) and the requirements of due process, all members of the Settlement Class have been given proper and adequate notice of the Settlement. Based upon the evidence submitted by the parties, the Settlement Agreement, the arguments of counsel, and all the files, records and proceedings in this case, the Court finds that the Notice and

2

notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law.

3.    The Settlement Agreement in this action warrants final approval pursuant to 29 U.S.C. § 216(b) because it is fair, adequate, and reasonable to those it affects, and resulted from vigorously contested litigation, including over six years of discovery, motion practice and additional merits discovery, and extensive good-faith arm's length negotiations between the parties, and is in the public interest considering the following factors: (1) no evidence of fraud or collusion behind the settlement, (2) the complexity, expense, and likely duration of the litigation, (3) the stage of the proceeding and amount of discovery completed, (4) the probability of Plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representative, and absent class members. *See e.g., Liger v. New Orleans Hornets*, 2009 WL 2856246 *2 (E.D. La. 2009).

4.    The Final Approval Motion is hereby GRANTED, and the Settlement Agreement is hereby APPROVED as fair, reasonable, adequate, and in the public interest, and the terms of the Settlement Agreement are hereby determined to be fair, reasonable and adequate, and for the exclusive benefit of the Class Members.  The Parties are directed to consummate the Settlement Agreement in accordance with its terms.

5.    The Court APPROVES payment of the Class Settlement Amount in accordance with the terms of the Settlement Agreement.

6.     The Court APPROVES payment to Plaintiff Valerie Payton Montgomery of Three Thousand Dollars ($3,000) and to all other Named Plaintiffs, Opt-Ins and Unfiled Opt-Ins the reasonable compensation of Seven Hundred Fifty Dollars ($750) (as identified in Exhibits 4 and 5 of the Settlement Agreement), except those individuals identified in Exhibit 6 who completed interrogatories, to each the Court approves payment of One Thousand Two Hundred Fifty Dollars ($1,250), upon their execution and submission of the Opt-In and Release (as provided for in Exhibit 9 of the Settlement Agreement).

7.     The Court APPROVES payment of Attorneys' Fees and Costs to Class Counsel in the amount of __617,083.33__

8.     The allocation plan is hereby APPROVED as fair, adequate, and reasonable.  The amount of Approved Claims, Incentive Fees and Attorneys' Fees and Costs shall be distributed in accordance with the terms of the Settlement Agreement.

9.     The Litigation is DISMISSED WITH PREJUDICE as to each and every person who opts into this action and submits an Opt-In and Release or an Approved Claim as specified in the Settlement Agreement ("Releasing Class Members") and DISMISSED WITHOUT PREJUDICE as to all other Plaintiffs, Opt-Ins, Unfiled Opt-Ins and Class Members, and without costs to any Party, other than as specified in the Settlement Agreement and this Order.

10.     In consideration of the Class Settlement Amount, and for other good and valuable consideration, Releasing Class Members shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all their Claims against Wal-Mart in accordance with Section 9 of the Settlement Agreement, shall have covenanted not to sue Wal-Mart with respect to all such Claims, and shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any such Claim against Wal-Mart.

11.     This Judgment is the Final Judgment in the suit as to all Released Claims.

12.     Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement and the terms of the Settlement Agreement; (b) distribution of the Class Settlement Amount, the Incentive Fees, and the Attorneys' Fees and Costs Amount; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Settlement Agreement and/or the Settlement, and the administration of Claims by Settlement Class Members.  The time to appeal from this Judgment shall commence upon its entry.

13.     In the event that the Settlement Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Opt-Ins, Unfiled Opt-Ins and Settlement Class Members and Wal-Mart.

14.     This Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.

SO ORDERED this 15 day of January, 2010.


_____
HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE


**Civil Action No. 3:03-cv-539 HTW-LRA**
**Final Judgment and Order of Dismissal**